**ALLEGHANY CORPORATION, t/d/b/a Jones Motor, Plaintiff,**

**v.**

**ROMCO, INC., Defendant.**

**Civ. A. No. 73–666.**

United States District Court, W. D. Pennsylvania.

April 11, 1975.

Michael J. Boyle, P. Christian Hague, Pittsburgh, Pa., for plaintiff.

Arthur J. Diskin, Pittsburgh, Pa., Dennis J. Slyman, Greensburg, Pa., for defendant.

## OPINION

WEBER, District Judge.

Plaintiff, Alleghany Corporation, is a motor carrier engaged in the interstate transportation of freight. It operates under rights granted by the Interstate Commerce Commission and in accordance with tariffs filed with that regulatory agency. Defendant is a shipper in interstate commerce. For a period of time plaintiff acted as a carrier for defendant in shipping goods from Massachusetts to Pennsylvania. The charges for this transportation were billed to and paid for by defendant at amounts less than those required by the ICC tariff. Plaintiff now sues for the deficiency created by the undercharges. Jurisdiction is claimed under 28 U.S.C. § 1331 and is not disputed. Plaintiff's cause of action is pleaded under Sec. 217(b) of the Interstate Commerce Act, 49 U.S.C. § 317(b) which provides that "no common carrier by motor vehicle shall charge or demand or collect or receive a greater or less or different compensation . . . than the rates, fares and charges specified in its tariff."

Defendant's Answer is a general denial of all material allegations except jurisdiction. Pretrial preparation moved to the filing of pretrial narrative statements and a pretrial conference, at which point a controlling issue of law became apparent.

Plaintiff Alleghany Corporation has moved for summary judgment in its favor as to liability and has supported its motion with a sworn affidavit of one of its officers verifying the information as to the numbers and amounts of nearly all of the transactions between plaintiff and defendant Romco which allegedly involved undercharges.

The law is clear that if plaintiff made shipments for defendant and charged the defendant amounts lower than the tariffs required by the schedules filed with the ICC, the defendant is absolutely liable for the amount of these undercharges. 49 U.S.C. § 317 (b) provides in part as follows:

No common carrier by motor vehicle shall charge or demand or collect or receive a greater or less or different compensation for transportation or for any service in connection therewith between the points enumerated in such tariff than the rates, fares, and charges specified in the tariffs in effect at the time . . . . .

The case law under this section supports the position of plaintiff Alleghany that no legal or equitable defenses are available to a shipper who had been undercharged. See: Locust Cartage Co. v. Transamerican Freight Lines, Inc., 430 F.2d 334 [1st Cir. 1970]; Bowser & Campbell v. Knox Glass, Inc., 390 F.2d 193 [3rd Cir. 1968], cert. denied 392 U.S. 907, 88 S.Ct. 2061, 20 L.Ed.2d 1365 [1968]. The reason for this rule is to ensure that accurate and reliable documents are filed. In re Penn Central Transportation Co., 477 F.2d 841 [3rd Cir. 1973], cert. denied 414 U.S. 923, 94 S.Ct. 219, 38 L.Ed.2d 157.

To counter plaintiff's motion and supporting evidentiary material, the defendant has filed a memorandum of law, but no accompanying evidentiary material. The defendant argues that the following issues of material fact, as set forth in the similarly numbered portions of the defendant's memorandum of law, remain to be resolved at trial.

(1) Paragraph 7 of plaintiff's complaint contains a reference to the filing of the relevant tariff with the "Federal Register" as well as with the Interstate Commerce Commission. Defendant apparently disputes that the tariff was ever "filed" with the Federal Register. The difficulty arises from the awkward phraseology employed by the plaintiff. The statute provides that the ICC may prescribe the method of publication, filing, and posting of tariffs and the ICC was empowered to require that tariffs in fact be published with the Federal Register, 49 U.S.C. § 317(a). Defendant does not deny that the tariff schedule was properly filed or published so that this averment, even if contested, is ir-

relevant to any material issue in this case.

■ (2) Paragraph 8 of the complaint refers to the false and erroneous bills of lading which had been prepared by plaintiff's agent, as having been prepared by him with the help of one of defendant's agents. Defendant denies that any of its agents were involved in this "conspiracy" and demands proof thereof. According to the statute and case law discussed above, it does not matter who was responsible for the undercharges if there were undercharges. The full amount due for the shipments made according to the tariff filed must be paid. Therefore, even if this fact is disputed, it is immaterial.

■ (3) Defendant disputes the amount of the undercharges. Plaintiff has amended the amount of its claim and admits that it cannot determine the exact amount of undercharges for those items listed on Exhibit A to its pretrial statement. However, documentation is available for the $22,647.80 claimed in that statement and the affidavit of Robert Hollenbach states that the Exhibit is a true and correct summary of the amounts charged and the amounts which should have been charged according to plaintiff's tariff. As to this amount, summary judgment can properly be rendered, especially because the defendant did not contest it at the pretrial conference.

■ (4) This part of the defendant's memorandum repeats the assertion that the denial of liability in the answer is sufficient to preclude summary judgment against the defendant. Defendant relies solely on its assertion that it is not liable for the amount of the undercharges, for which plaintiff had billed it upon discovery of the undercharges. (See Paragraph 10 of the complaint). This is not the law of Rule 56 (e).

■ The defendant argues that the cases cited by plaintiff in support of liability are not on point because they were not decided on summary judgment,

but after trial. In Bowser & Campbell v. Knox Glass, Inc. supra, the Court of Appeals reversed the district court which had found for defendant shipper after full trial on the shipper's defense that the carriers failure to file the rates agreed upon was a breach of contract. The Court of Appeals held the defense not material. So in the present case the defendant has failed to produce evidence that there is any genuine issue of material fact on the issue of liability. The statute is absolute in its requirements:

> Deviation from [the fixed rate] . . . is not permitted upon any pretext. Shippers . . . are charged with notice of it, and they as well as the carrier must abide by it . . . Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed. This rule is undeniably strict and it obviously may work hardship in some cases, but it embodies the policy which has been adopted by Congress . . . . Louisville & Nashville Railroad Co. v. Maxwell, 273 U.S. 94, 97, 35 S.Ct. 494, 495, 59 L.Ed. 853 [1915].

Thus no defenses such as estoppel by conduct of the carrier, reliance by the shipper, innocence of the shipper; hardship on the shipper, agreement of the parties may avail a shipper. See *Knox Glass*, cit supra. No act of the carrier, except allowing the statute of limitations to run, will estop or preclude it from enforcing payment of the full amount legally payable under the applicable tariff. Chicago, B & Q R. Co. v. Ready Mixed Concrete Co., 487 F.2d 1263 [8th Cir. 1973].

■ Finally, the defendant argues that 49 U.S.C. §§ 10(2), 121 and 316(b) are relevant to this action because the plaintiff's actions here of "deliberate falsification and altering of the bills of lading", were violative of these statutory provisions. 49 U.S.C. § 10(2) is a criminal provision making the knowing use of a false billing, classification, weight or other device or means to permit any persons to obtain transportation for property at rates below the "regular

rates then established and in force on the line of transportation of such common carrier" a misdemeanor. This provision does not change the result here because its effect is solely that of imposing a criminal liability on carriers who do not comply with their own tariffs. It has been held that if freight rates paid for a shipment are less than the tariff approved by the Commission, the railroad is required to collect the undercharge under penalty of severe fines. Louisiana & A. Ry. Co. v. Export Drum Co., 228 F.Supp. 89 [D.C.La.1964], rev. other grounds 359 F.2d 311 [5th Cir. 1966]. The present lawsuit is then an effort by the plaintiff to avoid penalties under 49 U.S.C. § 10(2) rather than a suit precluded thereby. Even if plaintiff be criminally liable for violation of this statute, it may recover the full amount of the undercharges in a civil action against the shipper.

The same principles would apply to a violation of 49 U.S.C. § 121 which makes the falsification of a bill of lading a misdemeanor. Such a violation even if proved would not be a defense to this action. Nor, finally, would plaintiff's failure to comply with 49 U.S.C. § 316 (b), a general policy section which imposes a duty "to establish, observe, and enforce just and reasonable rates, charges and classifications," in any way relieve the defendant of liability under 49 U.S.C. § 317(b).

### ORDER

Now, April 11, 1975, this matter having come before the court on Plaintiff's Motion for Summary Judgment and the court finding that there is no genuine issue of material fact on the question of liability, the motion of plaintiff for summary judgment on the issue of liability is Granted, and Summary Judgment of liability is hereby Entered in favor of plaintiff and against defendant.

On the issue of damages no material issue has been raised as to the major portion of damages claimed by plaintiff and supported by evidentiary material in the motion for Summary Judgment, some items remain in dispute. The parties are Directed to submit a stipulation liquidating damages on or before April 24, 1975, and in the event of disagreement the court will set the matter of damages for hearing.